## LEHIGH VALLEY TRUST CO. et al. v. UNITED STATES.

### No. 19458.

District Court, E. D. Pennsylvania.

July 26, 1939.

Fred A. Woodis and Francis R. Lash, both of Washington, D. C., and Reuben J. Butz, of Allentown, for plaintiffs.

J. Cullen Ganey, U. S. Atty., and Thomas J. Curtin, Asst. U. S. Atty., both of Philadelphia, Pa., and Thomas G. Carney, Sp. Asst. to Atty. Gen., for defendant.

KIRKPATRICK, District Judge.

This case is before the Court upon a statutory demurrer, filed in accordance with the Pennsylvania procedure. However, the New Rules of Civil Procedure, 28 U.S.C.A. following section 723c, will be applied to the proceeding, and the demurrer will be treated as a motion for judgment on the pleadings.

The suit is to recover an alleged overpayment of excess profits taxes in the amount of $32,014.05 with interest. The essential facts pleaded, and admitted by the defendant, are as follows:

The plaintiffs are the executors of two deceased partners. The taxes in issue are for the taxable fiscal period beginning March 16, 1917, and ending February 28, 1918.

The partners filed their return for the taxable fiscal period on April 30, 1918, and the tax liability shown thereon was assessed and paid during that year.

On January 19, 1926, long after the expiration of the applicable statute of lim-

itations, the Commissioner, after audit and examination, and having determined additional excess profits tax to be due, mailed the partnership a 60-day letter, which disclosed a deficiency in excess profits tax of $49,301.49 for the fiscal period in question.

On February 26, 1926, the Revenue Act of 1926 became law, 26 U.S.C.A. Int.Rev. Acts, p. 145 et seq.

The partnership, within 60 days after the enactment of the law, appealed from the Commissioner's determination of deficiency to the Board of Tax Appeals, and thus brought itself within the provision of that Act, making all of its terms applicable to the proceedings.

The next step is stated as follows in the plaintiff's statement of claim: "* * * thereafter and on, to wit, November 9, 1929, based upon a stipulation of the parties to said appeal as to the partnership's correct tax liability, the said Board entered its decision and a final order finding a deficiency for the period March 16, 1917, to February 28, 1918, of to wit, $26,046.54."

This amount, together with interest of $5,967.51, was assessed against the partnership by the Commissioner on December 21, 1929, and was paid January 31, 1930, to the Collector.

This suit is brought to recover the amounts so paid. Several grounds for recovery are asserted, the most important of which is that the additional tax and interest were assessed and collected after the expiration of the period of the statute of limitations.

The Revenue Act of 1926, which expanded the jurisdiction and powers of the Board of Tax Appeals, provided, Sec. 284(d), 26 U.S.C.A. Int.Rev.Acts, page 220, that if a taxpayer elected to file a petition with the Board of Tax Appeals for the redetermination of the Commissioner's finding of a deficiency, "* * * no suit by the taxpayer for the recovery of any part of such tax shall be instituted in any court * * *." Both sides agree that this provision is fully applicable to the present suit, and that it denies jurisdiction to this Court unless the case comes within the exceptions of Sec. 284(d) (3), which allows suits "As to any amount collected after the statutory period of limi-

tations upon the beginning of distraint oi a proceeding in court for collection has expired; but in any such claim for credit or refund or in any such suit for refund the decision of the Board which has become final, as to whether such period has expired before the notice of deficiency was mailed, shall be conclusive."

■ The statement of claim shows that this suit is "As to [an] amount collected after the statutory period of limitations * * * for collection has expired;" and hence, I think, the Court is bound to entertain it. But, as has been noted, the exception of Sec. 284 (d) (3) further provides that in any such suit the decision of the Board as to whether the period for collection has expired before the notice of deficiency was mailed is conclusive, and this brings us to the ultimate question in the case, which is: Did the decision of the Board of November 9, 1929 (which, of course, has become final), finding a deficiency of $26,046.54, include the decision that the period of limitations had not run before the notice of the deficiency was mailed? In my opinion, it did.

■ The statement of claim says plainly enough that the parties stipulated that the plaintiff's "correct tax liability" was $26,046.54, and that upon this stipulation the Board entered its order. The Government does not contend that this procedure was effective compromise under Sec. 3229 of the Revised Statutes, 26 U.S.C.A. Int. Rev.Code, § 3761, and I fully agree. It is also true that the decision of the Board of Tax Appeals did not expressly adjudicate the question of the expiration of the period of limitations. It does not appear here that the question was raised before the Board. It undoubtedly could have been, and, of course, there may have been matters of waiver or extensions suspending the running of the period. All this, of course, is speculation, and, for the purpose of this decision, it may be assumed that the question was not presented to the Board. Nevertheless, I think that the order of the Board must be taken as conclusively disposing of it.

■ Although the Board is not a court, it did, by the Revenue Act of 1926, become a competent tribunal to finally adjudicate all questions (including the statute of limitations) involved in any peti-

tioner's tax liability, subject only to review by the Circuit Court of Appeals. In constituting such a tribunal, Congress unquestionably intended its final orders to be conclusive of all matters, not only things actually litigated but those which might have been litigated, where the same parties come into court again upon the same issues. Unless the principles of res judicata are applied to the Board's decisions, the usefulness of the practice introduced by the Act of 1926 will be greatly impaired.

The Act of 1926 gave a taxpayer charged with a deficiency an election as to his procedure. He might pay and bring suit for a refund or he might petition the Board for a redetermination, but whichever he did Congress intended that all questions involved should be disposed of in the proceeding chosen.

In this case, when the parties before the Board stipulated as to the petitioner's correct tax liability, it must be assumed that they meant what they said and that everything which would affect the petitioner's liability was taken into consideration, whether raised by the petition and answer or not. Otherwise the stipulation would have to be construed as a mere liquidation of the amount of a claim, subject to a reserved right to contest the liability. This it plainly was not. Whether or not the order of the Board is correctly described as a "consent decree" is a mere matter of words. It was comparable to a consent decree in that it was intended to be and was an agreement that the plaintiff was liable for taxes in the stipulated amount—a final disposition of all issues relating to the plaintiff's tax liability—and, as such, precludes the reopening of that question in this proceeding.

It seems to me that the conference report on the Revenue Bill relating to this paragraph indicates pretty clearly what the intention of Congress was, particularly if it be read in connection with the report of the Senate Committee on Finance. If the Board decided that the statute had run against a collection and the Commissioner proceeded to collect in spite of that decision, a suit could be maintained to recover the payment. Or, if the period of limitations had been suspended by the appeal to the Board, and after the Board's

final determination and after the Commissioner's hands were untied, he allowed so much additional time to pass that, added to that already elapsed, it barred the collection, then a suit could be maintained to recover enforced payments collected thereafter. This is a perfectly consistent interpretation of the provision in question and does not destroy the purpose of the Bill, which the Senate Committee stated to be "that all questions arising prior to the time the decision of the Board has been rendered as to the right of the Commissioner to assess and collect the tax, including the question as to whether or not the statute of limitations has run before the mailing of the deficiency letter, shall be determined by the Board, and by the courts on appeal from the Board," and that "Finality is the end sought to be obtained by these provisions of the bill."

Judgment may be entered for the defendant upon the pleadings.